UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JOSHUA LATRAVIS PLATER | CIVIL ACTION NO. 20-cv-1213 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| CADDO PARISH SHERIFFS OFFICE DETENTION BUREAU | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Joshua Latravis Plater ("Plaintiff"), who is self-represented, filed this civil rights action against several defendants arising out of his stay at Caddo Correctional Center ("CCC") as a pretrial detainee. Plaintiff was later transferred to a federal prison, and he now resides at a private address in Shreveport. The court earlier dismissed many of Plaintiff's claims as frivolous or for failure to exhaust administrative remedies. Docs. 21 & 24. The court also dismissed claims against non-entity defendants (such as medical department) and defendants for whom Plaintiff did not submit service papers. Doc. 30. The remaining defendants now present a Motion for Summary Judgment (Doc. 36) that attacks all remaining claims. For the reasons that follow, it is recommended that the motion be granted.

**Summary Judgment Burdens**

As the moving parties, Defendants have the burden of identifying each claim or defense on which summary judgment is sought. Because Plaintiff would ultimately bear the burden of proof on his claims under 42 U.S.C. § 1983, Defendants may satisfy

their burden by pointing out that the evidence in the record contains insufficient proof concerning an essential element of Plaintiff's claim. If they meet their burden, the burden then shifts to Plaintiff to show that specific facts exist over which there is a genuine dispute. But Plaintiff cannot rely on conclusory allegations, speculation, and unsubstantiated assertions to make this showing. Ortega Garcia v. United States, 986 F.3d 513, 533 (5th Cir. 2021).

**Excessive Force on July 16, 2019**

    **A. The Allegations**

Plaintiff alleged in his complaint and amended complaint (Docs. 6 & 13) that on July 16, 2019 Deputy Daniels and Deputy York were relieving Deputy Brown at shift change in the Foxtrot dormitory. Plaintiff alleged that York granted him permission to grab some toilet paper, and York opened the supply closet for Plaintiff. Daniels allegedly "contaminated his hands at the trash can practicing unsanitary practices" and then "unnecessarily used combat force against [Plaintiff] for no reason," amounting to excessive force. Plaintiff alleged that Daniels struck him with closed fists, and when Plaintiff was on the ground Daniels gouged at his eyes and "attempted to break by pulling against the Plaintiff's neck using contaminated hands … ."

    **B. Timeliness**

Defendants argue that any claims based on a July 16, 2019 incident are untimely because Plaintiff did not file this civil action until more than one year later on September 18, 2020. Defendants are correct that the limitations period for a claim brought under 42 U.S.C. § 1983 in Louisiana is one year. Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir.

1989). But Defendants are not entitled to summary judgment based on timeliness in these circumstances.

First, Defendants assert that Plaintiff filed his complaint on September 18, 2020. That is the date that it was received by the clerk of court, but a pro se inmate's civil rights complaint is entitled to the benefit of a mailbox rule that deems it filed as soon as it is deposited in the jail mail system. Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Plaintiff's original complaint was not dated, and the postmark of the envelope is not legible, but the package included a letter dated September 14, 2020. The date that Plaintiff tendered his complaint to jail officials for mailing is not clear in the record, but it was tendered/filed earlier than September 18.

The more significant problem with the timeliness defense is that Plaintiff alleges that he filed a grievance at CCC regarding Daniels' use of force on July 16, 2019. One of his filings includes what Plaintiff labels a draft of that grievance. Doc. 6, p. 8. "Under Louisiana law, filing an administrative grievance tolls the statute of limitations until the grievance is resolved." Gibson v. Barrere, 2022 WL 2067833 (5th Cir. 2022), citing Harris v. Hegmann, 198 F.3d 153, 158 (5th Cir. 1999).

The statute of limitations is an affirmative defense that "places the burden of proof on the party pleading it." Frame v. City of Arlington, 657 F.3d 215, 239 (5th Cir. 2011) (en banc). "On a motion for summary judgment, once the movant has proved that the applicable limitations period has expired or prescribed, the burden shifts to the nonmovant to prove that some exception to the application of that period applies." Norman v. Johnson, 690 F. App'x 172 (5th Cir. 2017). Here, Plaintiff's complaint alleged that he filed a

grievance on this claim, which indicates that tolling is applicable for some period of time. Defendants submitted no evidence regarding the grievance, particularly when it was filed and when it was resolved. It quite possible that a grievance about this dispute would have been pending for a sufficient time to eliminate the timeliness defense. Absent evidence to resolve the length of tolling period that is suggested on the face of the complaint, Defendants have not met their burden on their timeliness defense.

### C. The Merits

Defendants also assert that (1) no constitutional violation was committed during the encounter and (2) Deputies Daniels and York are entitled to qualified immunity. As a pretrial detainee, Plaintiff's claim of excessive force is governed by the Due Process Clause, rather than the Eighth Amendment that applies to claims by convicted prisoners. "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 135 S.Ct. 2466, 2473 (2015). Objective reasonableness turns on the facts and circumstances of each particular case, and a court must make the determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight. Id.

A non-exclusive list of factors that may bear on the reasonableness or unreasonableness of the force used include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem

at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." Id.

Defendants who file motions for summary judgment on excessive force claims typically offer an affidavit or declaration made pursuant to 28 U.S.C. § 1746 and provide their version of the facts. These defendants did not do so. Instead, they offered a declaration from Captain Sharon Piggs that attached what she said are true and correct copies of reports written by several offices related to the incident and a copy of the video of the incident.

According to the written reports from the deputies, Daniels told Plaintiff to step on the other side of a red line due to Daniels' partner being in a closet, but Plaintiff three times did not comply with the instruction. Plaintiff became verbally combative and put his hands above his waist in an aggressive manner. Daniels wrote in a report that he told Plaintiff to lower his hands or it would be taken as a sign of aggression. Plaintiff did not comply, so Daniels attempted to use "the middle block technique to create distance between" Plaintiff and Daniels. Plaintiff "then hit me in my mouth with a closed fist," and Daniels defended himself with counterstrikes to the upper torso to prevent Plaintiff from injuring him. Deputy Brown then called a Signal 70 via radio, and Deputies Daniels and Brown restrained the actively resisting Plaintiff until the Emergency Response Team arrived and took control of the incident.

Defendants do not cite any authority for the proposition that a simple typed report is competent summary judgment evidence or otherwise adequate to meet their summary judgment burden. Ordinarily, mere unsworn written statements do not comply with the

requirements of Rule 56. Okoye v. Univ. of Tex. Houston Health Science Ctr., 245 F.3d 507, 515 (5th Cir. 2001) (employee's unsworn statement "is not competent summary judgment evidence"); Moore v. True Temper Sports, Inc., 523 Fed. Appx. 280 (5th Cir. 2013) (declining to consider unsworn statements in a summary judgment contest). When the opponents of motions for summary judgment submit such unsworn submissions, the courts routinely reject the material as not competent summary judgment evidence. Jones v. Anderson, 721 F. Appx 333, 334 (5th Cir. 2018) (unsworn recitation of facts not competent summary judgment evidence).

The court need not determine whether the deputies' incident reports are sufficient to meet Defendants' burden because they have also submitted video evidence, and Plaintiff has not filed any opposition to the motion. The verified video is competent summary judgment evidence. Scott v. Harris, 127 S.Ct. 1769 (2007). While the court views the summary judgment evidence favorably to the nonmovant, "we assign greater weight, even at the summary judgment stage, to the ... video recording[s] taken at the scene." Betts v. Brennan, 22 F.4th 577, 582 (5th Cir. 2022) (quoting Carnaby v. City of Houston, 636 F.3d 183, 187 (5th Cir. 2011)).

The video (which lacks audio) is about ten minutes long, but the relevant part starts at about the six minute mark. An inmate wearing shorts and a white t-shirt approaches a duty desk where three deputies are standing. Neither Captain Piggs' declaration nor any other competent evidence states who is who in the video, but counsel represents that it is Plaintiff in the shorts and t-shirt. The court will accept this because that person is soon engaged in an altercation roughly consistent with that described by all parties.

The deputies' desk is in the distance in the shot, so details are not clear. It can be seen that one deputy walks to a nearby area, presumably the supply closet mentioned by the parties, at which point Plaintiff crosses a red line and enters the area behind the desk. A man who defense counsel says is Deputy Daniels then approaches Plaintiff, and the two appear to begin talking/arguing. Plaintiff's hands can be seen in the air, and Daniels eventually pushes Plaintiff backwards, away from the forbidden area, and Plaintiff fell back on a table. Plaintiff responded by punching Daniels, and then all three deputies in the area began striking Plaintiff and subdued him within a few seconds. Multiple deputies ran to the scene, apparently in response to the Signal 70, and Plaintiff was soon led away by them. The video is lacking is crisp detail, but it does not depict the eye gouging and other extreme activity alleged in Plaintiff's complaint.

Medical records attached to Captain Piggs' declaration include a note from the date of the incident that Plaintiff had a superficial abrasion to his left face and left upper eyelid. "No other injuries noted or stated." Plaintiff returned to medical two days later and complained of pain to his neck related to the incident. He was prescribed acetaminophen for the next seven days. More than a week later Plaintiff complained that his spine was hurting, and he was again prescribed seven days of acetaminophen. There is no other evidence of injury or medical care associated with the incident.

The force used, as depicted in the video, appears to be objectively reasonable under the circumstances. Plaintiff intruded on the deputies' workspace by crossing a red line, and he apparently refused, in a rather animated fashion, a deputy's order to walk back across the line to the inmate side. When several seconds of talking did not gain compliance,

the deputy responded by pushing Plaintiff onto a nearby table. It was only when Plaintiff responded by punching the deputy that greater force was used. That additional force lasted only a few seconds, and it appears to have ceased as soon as Plaintiff was under control. Plaintiff was promptly turned over to other deputies, who led him from the scene without further use of force. The medical records do not indicate that Plaintiff suffered any substantial injuries. After considering all of these facts under the Kingsley standard, and given the lack of opposing summary judgment evidence, defendants are entitled to summary judgment on the merits of this excessive force claim.

**2020 Excessive Force**

In a prior order (Doc. 22), the court summarized Plaintiff's remaining claims. One of them was that Plaintiff alleged that in August 2020 he was maced excessively and punched in the face. The allegation can be found in an amended complaint at Doc. 11; Plaintiff complained of various events under the heading "2020." He mentioned the month of August, but it is difficult to determine with certainty when various events are alleged to have occurred. Plaintiff alleged that he was "excessively maced with two different forms of mace" and was "also punched in the face." He did not identify the deputy or deputies he accused of these actions.

Captain Piggs stated in her declaration that the sheriff has no records concerning any incident in 2020 in which Plaintiff was maced or struck in the face by a deputy. She did attach one disciplinary report related to an August 2020 incident, but it reflects a relatively benign incident in which Plaintiff initially refused some orders but was eventually escorted to his cell without any use of force.

Plaintiff has the burden of proof at trial, so Defendants may make a proper summary showing and shift the burden to Plaintiff with a direct challenge that he cannot establish an essential element of his case. Austin v. Kroger Texas, L.P., 864 F.3d 326, 335 (5th Cir. 2017). Defendants squarely challenged Plaintiff's ability to present evidence of any events in 2020 in which he was maced or struck in the face. Plaintiff did not file any response that could create a genuine dispute of material fact with respect to this claim. Plaintiff has only a conclusory allegation of such incidents, without so much as the identification of any particular defendant who is accused of such misconduct. Defendants are entitled to summary judgment with respect to this claim.

**Investigation of Grievances**

Plaintiff alleges throughout his complaint that Sgt. Tommy Englade did not handle Plaintiff's grievances to his satisfaction. Plaintiff alleged that Englade "irrationally" denied grievances, failed to adequately investigate them, and the like. Plaintiff "does not have a federally protected liberty interest in having [his] grievances resolved to his satisfaction." Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005). And "any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." Id. at 374. Defendants are entitled to summary judgment with respect to such claims.

**Conclusion**

The court has now considered, over the course of this litigation, all of Plaintiff's several claims. Many claims were resolved earlier, and all remaining claims were challenged in the motion for summary judgment now before the court. Plaintiff offered no

opposition, and the evidence shows that there is no genuine dispute of material fact with respect to any of the remaining claims. Defendants are entitled to summary judgment and the entry of final judgment.

Accordingly,

It is recommended that Defendants' Motion for Summary Judgment (Doc. 36) be granted and that all remaining claims against all defendants be dismissed with prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of November, 2022.

Mark L. Hornsby
U.S. Magistrate Judge